IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LILLIAN GALE SIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-00127-SRB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant United States of America's ("Defendant") Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. #7.) For the reasons set forth below, the motion is DENIED.

**I. Background**

Plaintiff Lillian Sims ("Plaintiff") brings this negligence action against Defendant under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2671, *et seq.*, 28 U.S.C. § 1346(b)(1). Plaintiff's Complaint (Doc. #1) contains the following allegations.[1] In early 2017, Plaintiff submitted an Enlistment Worksheet to the Army Career Center at 4000 South Little Blue Parkway, in Independence, Missouri. Plaintiff was subsequently informed that there would be several Future Soldiers Training Events ("FSTE") at that location. The events were advertised as physical training exercises such as pushups and sit-ups. Plaintiff was advised that these pre-enlistment events were mandatory.

On Wednesday, April 13, 2017, Plaintiff attended a FSTE at the United States Army recruiting office in Independence, Missouri. Unlike previous FSTE that Plaintiff had attended,

---

[1] The parties also raise facts outside the pleadings, and those facts are discussed below.

the United States Army recruiting office directed the participants to a nearby park. Upon arrival at the park, Anthony P. McWherter ("McWherter"), a supervising sergeant, instructed the participants to play touch football. At all times relevant to this lawsuit, McWherter was a federal employee acting within the course and scope of his employment. Plaintiff was informed that playing football was mandatory but was assured there would be no contact.

During the game, another recruit tackled Plaintiff. As a result of the impact, Plaintiff suffered a closed wound broken leg with attendant compartment syndrome. Plaintiff immediately complained to the supervising sergeants that her leg was injured, but they told her to go home and ice it. Plaintiff iced her leg but went to the hospital later that night and was diagnosed with the injuries set forth above. Surgery was immediately performed, and Plaintiff has required numerous subsequent surgeries and treatments due to her leg injury.

On February 21, 2020, Plaintiff filed this lawsuit against Defendant. The Complaint contains a single count for negligence and seeks monetary damages. Plaintiff alleges in part that Defendant negligently supervised the participants, had a duty to protect her from harm, and had a duty to immediately send her to a healthcare professional. Defendant responded to the Complaint by filing the pending motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Defendant argues that jurisdiction is lacking under the FTCA because it did not have a legal duty to Plaintiff. In support of dismissal, Defendant presents a factual attack to jurisdiction and has introduced materials outside the pleadings. Plaintiff opposes the motion, and the parties' arguments are addressed below.

## II. Legal Standard

Under Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. "In order to properly dismiss for lack of subject matter jurisdiction under

2

Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)).  When, as here, the defendant presents a factual attack on jurisdiction, the Court may consider matters outside of the pleadings without converting the motion into one for summary judgment.  *Osborn*, 918 F.2d at 729.  The Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 730 (citations and quotations omitted).  "[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Id.*

Because Plaintiff has sued the United States, jurisdictional questions must be evaluated in light of sovereign immunity and the FTCA.  "The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996) (citations and quotations omitted).  By enacting the FTCA, Congress defined those terms and created "a limited waiver of sovereign immunity[.]"  *United States v. Orleans*, 425 U.S. 807, 813 (1976).

The FTCA provides that district courts shall have "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  Under 28 U.S.C. § 2674, "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the

3

same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674.

### III. Discussion

Based on § 1346(b)(1) and § 2674, the parties agree that Defendant's alleged acts or omissions occurred in Missouri and that Missouri substantive law applies. Missouri law provides that "[i]n any action for negligence, the plaintiff must establish that (1) the defendant had a duty to the plaintiff; (2) the defendant failed to perform that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injury." *Peters v. Wady Indus., Inc.*, 489 S.W.3d 784, 793 (Mo. banc 2016) (citations and quotations omitted). "In considering whether a duty exists in a particular case, a court must weigh the foreseeability of the injury, the likelihood of the injury, the magnitude of the burden of guarding against it and the consequences of placing that burden on defendant." *Hoffman v. Union Elec. Co.*, 176 S.W.3d 706, 708 (Mo. banc 2005). "Whether a duty exists is purely a question of law." *Id.* (citations and quotations omitted).

Defendant argues that jurisdiction is lacking because it did not owe a duty to Plaintiff. In support of this argument, Defendant primarily relies on materials outside the Complaint. Defendant contends that Plaintiff and Colton Gordon ("Gordon"), the individual who allegedly injured Plaintiff, were only "applicants" as opposed to "enlistees" in the military. Defendant emphasizes that before the FSTE began, Plaintiff signed an acknowledgement form which states: "I am currently a member of the U.S. Army Reserve Control Group (Future Soldier Training Program) and voluntarily consent to participate in a physical training program conducted by the U.S. Army Recruiting Command."

Defendant also relies on a Declaration signed by McWherter. In relevant part, McWherter states he advised the participants that the "ultimate football" game was optional and

4

that participants could be injured. McWherter also states he told the participants that tackling or roughhousing would not be allowed. McWherter explains that "ultimate football is not like regular tackle football, touch or flag football . . . [t]here is no running with the ball, touching other players or tackling allowed." Instead, players on the offensive team pass the ball between teammates, and the defensive team attempts to block or knock down the ball. According to McWherter, Plaintiff and Gordon collided when they both went for the football. Finally, McWherter states that he is not a physician and does not provide health care services.

In response, Plaintiff argues that Defendant owed her a duty of care under general negligence principles. (Doc. #9, pp. 5-7.) She contends that Defendant organized the football game and had a duty to adequately supervise her and the other participants. Plaintiff further alleges it was foreseeable that "allowing grown men and boys who were much larger than Plaintiff to play contact football with Plaintiff could cause her to be injured." (Doc. #1, ¶ 37.)[2] Finally, Plaintiff contends that Defendant owed her a heightened duty of care because she was a minor at the time of the football game.[3]

Upon review of the record, the Court finds that Defendant owed Plaintiff a legal duty of care. First, the football game presented a foreseeable risk of harm. *See Hoffman*, 176 S.W.3d at 708 (stating that foreseeability is relevant to determine the existence of a duty). Based on McWherter's Declaration, "ultimate football" is a competitive event that involves blocking or knocking down a football. Injuries are foreseeable under these circumstances, and McWherter told the participants that injuries were possible. Second, and as shown by this case, it is likely

---

[2] Defendant argues that Plaintiff failed to provide evidence regarding the size of the participants (Doc. #10, p. 7), but Defendant has not presented evidence that suggests this allegation is inaccurate. The allegation is therefore deemed true for purposes of the motion to dismiss.

[3] Although not pled in the Complaint, Defendant does not dispute that Plaintiff was a minor during the relevant time period. (Doc. #10, p. 5 n.5.)

that injuries could result from this type of competition. *Id.* Third, the record does not show that it would be burdensome for Defendant to guard against such injuries. *Id.* In fact, Plaintiff alleges (and Defendant does not dispute) that the training events were advertised as limited physical training activities such as pushups and sit-ups. Defendant could have organized such individual activities instead of a competitive and interactive football game. Under these circumstances, Defendant owed Plaintiff a duty under general negligence law.

Defendant also owed Plaintiff a duty because she was a minor at the time of the football game. Missouri courts have recognized that "[i]n some instances, as with children, the duty may be to protect the supervised individual from self-imposed injury." *O.L. v. R.L.*, 62 S.W.3d 469, 475 (Mo. Ct. App. 2001). A duty may also be found when necessary "to protect the child under supervision against harm by third persons (whether negligent or intentional)." *Id.* On this point, Defendant "concedes that Missouri case law establishes that acceptance of the custody and control of a minor child creates a relationship sufficient to support a duty of care." (Doc. #10, p. 5.)[4]

In this case, the current record supports a finding that McWherter had a duty to supervise and protect Plaintiff. Specifically, Plaintiff was a minor and participated in an activity organized and supervised by Defendant. The Court agrees with Plaintiff that the parties' relationship was akin "to that of a teacher and student or a coach and athlete whereby the duty of said teacher, coach, or supervisor has a special relationship to student and athlete, respectively." (Doc. #9, p. 7.) Defendant's arguments, including that Plaintiff allegedly voluntarily consented and that the

---

[4] Defendant disputes the applicability of this duty, but that argument is rejected for the reasons stated herein. Neither party cites case law involving analogous facts and a minor.

football game was not supposed to involve tackling, do not foreclose this duty as a matter of law.[5]  The Court therefore finds that it has subject-matter jurisdiction over this case.

## IV. Conclusion

Accordingly, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #7) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  June 17, 2020

---

[5] The Court similarly rejects Defendant's argument that McWherter did not have a duty regarding Plaintiff's subsequent medical treatment.  The parties' other arguments need not be addressed.  For example, Defendant argues it did not owe Plaintiff a duty under a premises liability theory.  In response, Plaintiff states that she is not proceeding on any such theory.  (Doc. #9, p. 6.)